**Dan Gordon BISHOP, Plaintiff,**

v.

**Maurice Pierre CRAFT–JONES; John Douglas Craft–Jones; John Martin Craft–Jones; and Martha Craft–Jones, Defendants.**

**Maurice Pierre CRAFT–JONES; John Douglas Craft–Jones; John Martin Craft–Jones; and Martha Craft–Jones, Cross–Plaintiffs,**

v.

**CITY OF SPRINGFIELD, a municipal corporation; Dan Gordon Bishop, individually and as a Springfield Police Officer, Cross-defendants.**

No. Civ. 97–6169–TC.

United States District Court,
D. Oregon.

April 22, 1998.

Edmund J. Spinney, Springfield, OR, for Dan Gordon Bishop.

David A. Bahr, Bahr & Stotter Law Offices Eugene, OR, Charles O. Porter, Eugene, OR, for Maurice Pierre Craft–Jones, John Douglas Craft–Jones.

Daniel J. Stotter, Bahr & Stotter Law Offices, Eugene, OR, David A. Bahr, Charles O. Porter, Eugene, OR, for John Martin Craft–Jones, Martha Craft–Jones.

Robert E. Franz, Jr., Springfield, OR, for City of Springfield.

### ORDER

COFFIN, United States Magistrate Judge.

Plaintiff Dan Bishop initially filed this action in state court against defendants (and subsequently cross-plaintiffs) Maurice Pierre Craft–Jones, John Douglas Craft–Jones, John Martin Craft–Jones, and Martha Craft–Jones seeking damages for an alleged assault on him on January 29, 1997 by Maurice Pierre and John Douglas, the minor unemancipated children of John Martin and Martha. Plaintiff Bishop was acting in the capacity of a Springfield, Oregon police officer at the time of the alleged assault.

In their answer to Bishop's lawsuit, the defendants/cross plaintiffs filed counterclaims against Bishop and cross-defendant City of Springfield (hereinafter City) alleging violations of their civil rights under 42 U.S.C. § 1983, involving claims of use of excessive force, discrimination because of race, and inadequate training of police officers amounting to deliberate indifference of the minors' civil rights.

Based upon the insertion of the federal civil rights claims, the City of Springfield removed this lawsuit to federal court.

As further background to the discovery issues before the court, the events giving rise to plaintiff Bishop's assault claims and cross-plaintiff craft-Jones' civil rights claims were the subject of proceedings in state juvenile court. Thus, the City served a subpoena on the clerk of the Lane County Juvenile Court demanding the production of all juvenile court records pertaining to Maurice Pierre and John Douglas Craft–Jones. In addition, the City has moved for an order compelling the production of any juvenile court records in the possession of the Craft–Joneses. The

Craft–Joneses and the State of Oregon have moved to quash the subpoena, and oppose the motion to compel. I grant the motion to quash, because I find the subpoena overbroad and that it encompasses privileged matter. However, I also find that cross-plaintiffs have implicitly waived the confidentiality of portions of the juvenile proceedings, and therefore order limited disclosure as noted hereafter.

Juvenile records are confidential pursuant to ORS § 419A.255. No public inspection of the record of a juvenile proceeding is allowed, but the record is open to inspection by the child or youth, parent, guardian, court appointed special advocate, surrogate ... and their attorneys. In pertinent part, the statute provides:

(1) The clerk of the court shall keep a record of each case, including therein the summons and other process, the petition and all other papers in the nature of pleadings, motions, orders of the court and other papers filed with the court, but excluding reports and other material relating to the child's or youth's history and prognosis. The record of the case shall be withheld from public inspection but shall be open to inspection by the child or youth, parent, guardian, court appointed special advocate, surrogate, or a person allowed to intervene in a proceeding involving the child or youth under ORS 109.119(1), and their attorneys. The attorneys are entitled to copies of the record of the case.

(2) Reports and other material relating to the child's or youth's history and prognosis are privileged and, except at the request of the child or youth, shall not be disclosed directly or indirectly to anyone other than the judge of the juvenile court, those acting under the judge's direction and to the attorneys of record for the child or youth or the child's or youth's parent, guardian, court appointed special advocate, surrogate or person allowed to intervene in a proceeding involving the child or youth....

That records pertaining to juvenile proceedings are privileged and thus confidential does not end the inquiry. The privilege, of course is waivable. As the statute expressly

recognizes, the child or youth may authorize disclosure to others.

The issue in this case boils down to whether the youths, acting through themselves and their representatives (parents and attorneys), have implicitly authorized disclosure of portions of the record through their conduct in this lawsuit.

This court was informed of the following facts during the hearing on the motion to quash:

Depositions of Maurice Pierre and John Douglas Craft–Jones have been taken in connection with this action in which they testified concerning the same events which were the subject of their testimony (under oath) during the juvenile proceedings. Their attorney has transcripts of their juvenile court testimony, and indeed has transcripts of the testimony of 15 witnesses at the juvenile proceedings, which he has been able to utilize in connection with this civil action. The youths' attorney has been able to obtain such juvenile court records because he is, as previously noted, expressly authorized to do so by the operative state statute.

Counsel for the Craft–Joneses also is in possession of the transcript of Dan Bishop's testimony at the juvenile proceedings, and has used this transcript to prepare for Bishop's deposition, which is scheduled in the near future.

The City has none of the above transcripts, and the Craft–Joneses have asserted the privileged nature of the juvenile proceedings in an effort to bar equal access to them.

This type of discovery imbalance is not the intent of the statutory scheme conferring confidentiality in juvenile proceedings. The Craft–Joneses should not be allowed to use ORS § 419A.255 as a tool to obtain materials for use in an independent civil lawsuit, while at the same time invoking the statute as a shield to deny the opposing parties a level playing field.

The purpose of cloaking juvenile proceedings with privacy is to spare youths the baggage of public stigma as the court, their parents, and state officials work with them to overcome whatever problems invoked the jurisdiction of the juvenile court. It would be naive to pretend, however, that the "privacy" of the events that gave rise to the juvenile proceedings here can be maintained in the circumstances of an independent civil lawsuit which involves the same events and which is being pursued in a public forum. Further, it would be exceedingly unfair to allow one side in this lawsuit to have exclusive access to and use of the juvenile record.

For example, the Craft–Joneses seek the ability to impeach potential witnesses for Bishop and the City with possibly inconsistent statements given during their testimony at the juvenile proceedings, while denying their adversaries the ability to so impeach witnesses who may testify on their behalf. Further, under normal circumstances, a witness who testified at a prior hearing would have an opportunity to refresh his or her recollection by examining that testimony before taking the stand at a subsequent hearing. Here, only one side would have that ability.

And what purpose would be served by such blind deference to the juvenile statute? Dan Bishop, for example, will now be testifying in a public forum about the same matters that he addressed in the private, juvenile court forum. Since the public will now hear what he described earlier, what goal can be achieved by denying Bishop access to his earlier testimony in advance of his deposition or testimony at trial in this case?

Accordingly, I find that the Craft–Joneses, by obtaining portions of the juvenile proceedings for their use in this lawsuit, have thereby waived the privilege of confidentiality as to any transcripts which constitute the prior testimony on the same subject matter of any witnesses in this proceeding, including depositions. Counsel for the Craft–Joneses is hereby ordered to obtain true copies of the original tapes or transcripts of such testimony from the Clerk of the Juvenile Court and deliver such records to counsel for the City. Any costs of producing such records shall be borne by the City. The material subject to this order may be used only in connection with this litigation and may not be copied without further order of the court nor may such be disclosed outside of the normal manner in which such materials would be used in this litigation.

If witnesses have already been deposed whose prior testimony is the subject of this order, the court will allow their depositions to be reopened for the limited purpose of allowing further examination on any issues generated by their prior testimony.

Counsel are subject to a continuing duty to comply with this order as additional witnesses may be identified during the course of this proceeding.

This ruling on these discovery issues should not be construed as a rejection of the juvenile statutes' prohibition against the use of any portion of the juvenile record as "evidence in any proceeding to establish . . . civil liability against the child or youth." Use of the prior testimony in this action will be limited to refreshing recollections or impeachment purposes, not as admissions or other substantive evidence on the issue of any liability on the part of the youths.[1]

## CONCLUSION

For the reasons stated, the motion (# 22) to quash is granted, and the motion to compel (# 20) is granted in part as set forth above.

---

1. For example, if a witness testified at the juvenile proceeding but is unavailable for this trial, Bishop may not introduce a transcript of the prior testimony to help establish civil liability against the Craft–Joneses.